UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEITH JOHNSON,                                           Case No. 1:14-cv-649

       Plaintiff,                                              Barrett, J.
                                                                Bowman, M.J.
   v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Keith Johnson filed this Social Security appeal in order to challenge the Defendant's findings that he is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents one claim of error, which the Defendant disputes. As explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

    **I. Summary of Administrative Record**

On September 30, 2011, Plaintiff protectively filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), alleging disability as of May 2011 due to neck and back pain. (Tr. 227-39, 277). After Plaintiff's claim was denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). An evidentiary hearing, at which Plaintiff was represented by counsel, was held on January 22, 2013. (Tr. 74-114). An impartial

1

vocational expert, Charlotta Ewers, was also present and testified. On April 23, 2013, the ALJ denied Plaintiff's application in a written decision. (Tr. 56-68).

The record on which the ALJ's decision was based reflects that Plaintiff was 52 years old at the time of the administrative hearing and when ALJ Canfield issued his decision. (Tr. 53, 74, 227). Plaintiff attended school through the tenth grade, and his past jobs included plumbing, maintenance, and carpentry work. (Tr. 266, 278). The record documents extensive treatment for back pain complaints dating to 1990; including a spinal strain and disc herniation. Plaintiff also claims disability based upon neck pain, as well as numbness in his arms, legs and hands.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine and cervical spine with chronic spinal sprain/strain and depressive disorder." (Tr. 59). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that Plaintiff retains the residual functional capacity ("RFC") to perform work as follows:

> He can lift no more than 20 pounds occasionally and 10 pounds frequently. He can stand/walk a total of six hours in an eight-hour workday. He can sit a total of six hours in an eight-hour workday. The claimant should be provided the opportunity to alternate between sitting and standing as needed. The claimant can occasionally climb ladders, ropes or scaffolds. He can occasionally stoop, kneel, crouch and crawl. He can frequently climb ramps/stairs or balance. The claimant is limited to performing simple to moderately complex tasks with no fast-paced work or strict production quotas.

2

(Tr. 63). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff can perform jobs that exist in significant numbers in the national economy, including such jobs as warehouse checker, marker and mail clerk. (Tr. 69). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB and/or SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff raises a single claim of error; namely that the ALJ erred in rejecting the opinion of Plaintiff's treating physician. Upon close analysis, I conclude that Plaintiff's asserted error does not mandate reversal or remand.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can

4

perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's decision is supported by substantial evidence.**

Plaintiff contends that the ALJ failed to give good reasons for rejecting the opinion of treating physician, Dr. Pledger. As outlined below, the undersigned finds that Plaintiff's argument is unavailing.

The relevant regulation regarding treating physicians provides: "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. § 404.1527(c)(2); see also *Warner v. Com'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir.2004). The reasoning behind what has become known as "the treating physician rule" has been stated as follows:

> [T]hese sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of the claimant's medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

5

*Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir.2004) (quoting former 20 C.F.R. § 404.1527(d)(2)). Thus, the treating physician rule requires the ALJ to generally give "greater deference to the opinions of treating physicians than to the opinions of non-treating physicians." *See Blakley v. Com'r of Social Security*, 581 F.3d 399, 406 (6th Cir.2009).

In addition to the guidelines applicable to the evaluation of the opinions of treating physicians, the regulatory framework provides guidelines for the evaluation of the opinions of consulting physicians. In general, the opinions of a consulting physician or psychologist who has actually examined the plaintiff will be given more weight than that of a non-examining consultant, although only treating physicians are entitled to controlling weight. *See* 20 C.F.R. § 404.1527(c)(1) and (c)(2).

Viewed under the referenced legal framework, the ALJ's rejection of the opinions of Plaintiff's treating physician and reliance on non-examining consultants to formulate Plaintiff's RFC, invites close scrutiny. Nevertheless, the regulatory presumptions remain subject to individual variations. Thus, in *Blakley* the Sixth Circuit reiterated the principle that "[i]n appropriate circumstances," the opinions of non-examining consultants "may be entitled to greater weight than the opinions of treating or examining sources." *Blakley*, 581 F.3d at 409, quoting Soc. Sec. Rul. 96–6p, 1996 WL 374180, at *3 (July 2, 1996). While an ALJ may not rejected a treating physician opinion solely based on the conflicting opinions of non-examining consultants, *see Gayheart v. Com'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013), no reversible error occurs when an ALJ determines that a treating physician opinion is not entitled to controlling weight because it is not well-supported, is internally inconsistent, and/or is inconsistent with the record as a whole.

6

In this case, I find no reversible error. Contrary to Plaintiff's assertions, the ALJ rejected the treating physician opinions for "good reasons," and appropriately supported his analysis and conclusions with reference to substantial evidence in the record as a whole.

Here, the record contains the following opinion evidence:

On January 11, 2012, Plaintiff was examined by Phillip Swedberg, M.D. at the request of the Bureau of Disability. Dr. Swedberg noted that Plaintiff complained of low back pain. He also stated in part:

> On physical examination, the patient ambulates with an antalgic [gait] and had difficulty forward bending. However, the remainder of the musculoskeletal and neuromuscular examination of the lower extremities was unremarkable. There is no evidence of radiculopathy. There are no joint abnormalities as heat, swelling and capsule thickening are absent.

(Tr. 874).

In light of these findings, Dr. Swedburg determined that Plaintiff "appears capable of performing at least a mild to moderate amount of sitting, ambulating, standing, bending, kneeling, pushing, pulling, lifting and carrying heavy objects. Dr. Swedburg further determined that Plaintiff has "no difficulty reaching, grasping and handling objects." (Tr. 874).

On January 26, 2012, State agency physician, Lynne Torello, M.D. reviewed Plaintiff's medical file and opined that Plaintiff retains the residual functional capacity to lift as much as 20 pounds occasionally and 10 pounds frequently. Dr. Torello also found that Plaintiff could sit, stand or walk as much as six hours each during any given eight hour workday. He also opined that Plaintiff could occasionally climb ramps and stairs, ladders and ropes, balance, stoop, kneel and crouch. (Tr. 127-131).

On June 28, 2012, another state agency physician, James Cacchiollo, M.D. reviewed Plaintiff's medical file. Upon review, Dr. Cacchiollo determined that Plaintiff is capable of lifting as much as 20 pounds occasionally and 10 pounds frequently. Dr. Cacchiollo further opined that Plaintiff could sit, stand or walk as much as six hours each during any given eight hour workday.

In January 2013, Plaintiff's treating physician, Dr. Pledger completed a Medical Source Statement of Ability To Do Work-related Activities (physical). Dr. Pledger opined, among other things, that Mr. Johnson could lift up to ten pounds only occasionally; could never crawl, crouch, kneel, or climb ladders and ropes; and could sit, stand, and walk for up to 30 minutes at a time. (Tr. 924-29). Dr. Pledger also explained that it was "yet to be determined" whether these limitations would last for twelve consecutive months, and indicated that although he had first treated Mr. Johnson only a month before rendering the opinion, Mr. Johnson "reports symptoms have been present for years." (Tr. 929).

In formulating Plaintiff's RFC, ALJ Canfield gave little weight to Dr. Pledger's lifting and crouching, crawling, kneeling, and climbing restrictions, and found instead that Mr. Johnson could lift up to 20 pounds occasionally and ten pounds frequently, and could occasionally stoop, kneel, crouch, crawl and climb ladders/ropes/scaffolds. (Tr. 63, 65). In so finding, ALJ Canfield explained that Dr. Pledger's lifting and postural restrictions were inconsistent "with the weight of the evidence of record, [Mr. Johnson's] (conservative) treatment history and his current level of functioning in the performance of regular and routine daily activities," and essentially adopted the assessments of two state agency physicians, who reviewed the file in January 2012 and June 2012, and

likewise assessed that Mr. Johnson could perform light work with only occasional stooping, kneeling, crouching, crawling and climbing of ladders/ropes/scaffolds. (Tr. 64-65, 126-27, 149- 51). See 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). Plaintiff asserts the ALJ's finding in this regard is not substantially supported. Plaintiff's contention lacks merit.

Notably, Plaintiff asserts that the ALJ did not provide good reasons for his rejection of Dr. Pledger's opinion and that the decision does not make it entirely clear why the opinion is rejected. However, as explained by the Commissioner, the ALJ did not reject Dr. Pledger's opinion in totality. Rather he gave little weight to Dr. Pledger's lifting and crouching, crawling, kneeling, and climbing restrictions. (Tr. 64). The ALJ credited the remainder of Dr. Pledger's opinion (including Dr. Pledger's sitting, standing, and walking conclusions and thus including in Mr. Johnson's RFC a sit/stand as needed option). (Tr. 63). ALJ Canfield also noted that "[i]t must also be remembered that [Mr. Johnson] continues to work on a 'cash' basis doing plumbing jobs for friends and family. This work involves significant physical exertion . . ." (Tr. 65, n. 2). Furthermore, just one month prior to finding that Plaintiff could only lift 10 pounds, Dr. Pledger found that Plaintiff should avoid lifting heavy weights, but could lift "light to medium" weights. (Tr. 912).

Plaintiff further argues that ALJ Canfield "ignore[d] the most recent lumbar and cervical MRI results which are inconsistent with the ability to do light work." (Doc. 8 at 11). As noted by the Commissioner, Plaintiff does not specifically cite to the "most recent lumbar and cervical MRI results, nor does he explain how the results "are

9

inconsistent with the ability to do light work." As such, Plaintiff fails to develop this argument any meaningful way.[1] The Court has no obligation to search the record to develop and support the arguments of the parties. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir.2006). Rather, the Court's review is limited to the specific issues the parties raise. *Id*. Plaintiff's conclusory allegations fail to identify or sufficiently explain whether the record contains evidence that is inconsistent with the ALJ's findings.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT**: 1) The decision of the Commissioner to deny Plaintiff's benefits be **AFFIRMED** because it is supported by substantial evidence in the record as a whole; and 2) as no further matters remain pending for the Court's review, this case be **CLOSED.**

> */s Stephanie K. Bowman*
> Stephanie K. Bowman
> United States Magistrate Judge

---

[1] The Commissioner further asserts that ALJ Canfield never had the opportunity to "ignore" the evidence because Mr. Johnson never provided ALJ Canfield with the evidence. Rather, he submitted the evidence to the Appeals Council, well after ALJ Canfield had rendered his decision (Tr. 1-5). In any event, the most recent lumbar and cervical MRI results appear to be from June 2012, and show only mild findings. (Tr. 982-83).

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| KEITH JOHNSON, | Case No. 1:14-cv-649 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).