UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Keith Johnson,

    Plaintiff,

v.                                              Case No. 1:14cv649

Commissioner of Social Security            Judge Michael R. Barrett

    Defendant.

**ORDER**

This matter is before the Court upon the Magistrate Judge's November 17, 2015 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 12).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 15).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

The Magistrate Judge completed a review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

In his objections, Plaintiff maintains that the ALJ did not properly apply the treating physician rule.  Plaintiff explains that the ALJ failed to give proper weight to Plaintiff's treating physician, Dr. Pledger.  Plaintiff also maintains that the ALJ improperly found that Plaintiff was capable of light work.

### A. Treating physician

Under the treating physician rule, the ALJ "will" give a treating source's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record."  *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (quoting 20 C.F.R. § 404.1527(d)(2)).  If the ALJ declines to give a treating source's opinion controlling weight, the ALJ should consider certain factors outlined in 20 C.F.R. § 404.1527(d)(2), "namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source[.]"  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  The ALJ also has a duty to:

> "always give good reasons in our notice of determination or decision for the weight we give [a] treating source's opinion."  20 C.F.R. § 404.1527(d)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  Soc. Sec. Rul. No. 96–2p, 1996 SSR LEXIS 9, at *12 (Soc. Sec. Admin. July 2, 1996).

*Cole*, 661 F.3d at 937.

Plaintiff maintains that Dr. Pledger's opinion is consistent with the consultative examiner, who found an antalgic gait and opined that Plaintiff appears capable of

performing at least "mild to moderate" degree of sitting, standing and ambulating. (Tr. 874). Plaintiff argues that the ALJ did not give "good reasons" for failing to give Dr. Pledger's opinion controlling weight. Plaintiff argues that even if Dr. Pledger's opinion was not entitled to controlling weight, the ALJ was required to give his opinion some weight.

While Plaintiff has identified one point on which Dr. Pledger's opinion is consistent with another medical opinion in the record, the ALJ identified several other points where there was inconsistency. The Magistrate Judge discussed these points in full detail, and also discussed the "good reasons" provided by the ALJ for not giving controlling weight to the opinion of Dr. Pledger. The ALJ specifically explained:

> The functional capacity assessments provided by treating physician, Dr. Pledger are not interpreted to preclude a reduced range of light exertion work. Any such interpretation would not be consistent with the weight of the evidence of record, the claimant's (conservative) treatment history and his current level of functioning in the performance of regular and routine daily activities.

(Tr. 65). In a footnote, the ALJ noted: "It must also be remembered that the claimant continues to work on a "cash basis" doing plumbing jobs for friends and family. This work involves significant physical exertion." (Tr. 65).

The Court finds no error in the Magistrate Judge's conclusion that the ALJ properly weighed the opinion of Dr. Pledger, and properly rejected part of the opinion of Dr. Pledger. Plaintiff's objections on this point are OVERRRULED.

### B. Light work

Plaintiff also maintains that the ALJ improperly found that Plaintiff was capable of light work. Plaintiff explains that the ALJ relied on the opinion of Dr. Pledger to conclude that Plaintiff was capable of light work if he was provided an opportunity to alternate

3

between sitting and standing. (Tr. 65). Plaintiff explains further that the Vocational Expert ("VE") testified at the hearing that no light jobs could be identified with this limitation. (Tr. 110). However, the hypothetical—posed by counsel for Plaintiff—coupled the alternate sit/stand option with an occasional use of bilateral hands. (Id.) This limitation on the use of bilateral hands was not a limitation found by the ALJ or a part of the RFC formulated by the ALJ. (Tr. 65).

"It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir.1993) (citation omitted); *see also Parks v. Soc. Sec. Admin.*, 413 Fed. Appx. 856, 865 (6th Cir. Mar. 15, 2011) (citations omitted) ("Hypothetical questions ... need only incorporate those limitations which the ALJ has accepted as credible."). Because the hypothetical included a limitation not accepted as credible, the ALJ was not required to consider the answer to that hypothetical. *Accord Carrelli v. Comm'r Of Soc. Sec.*, 390 F. App'x 429, 438 (6th Cir. 2010) ("When asked a hypothetical question encompassing the limitations that the ALJ found credible, the VE testified that jobs existed. The additional limitations offered by Carrelli's attorney—limitations that the ALJ found not credible—need not be considered."). Therefore, Plaintiff's objections on this point are OVERRULED.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's November 17, 2015 R&R (Doc. 12) affirming the decision of the Commissioner. This

matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                            *s/Michael R. Barrett*
                                            Michael R. Barrett, Judge
                                            United States District Court